UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WENDELL TYRONE RICKS,
*Defendant-Appellant.*

No. 00-4348

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-99-359-A)

Submitted: October 26, 2000

Decided: November 6, 2000

Before WIDENER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Gregory E. Stambaugh, Manassas, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Sonya L. Sacks, Special Assistant United States Attorney, M. Sean O'Neill, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Wendell Tyrone Ricks appeals his convictions and sentence for conspiracy to possess with intent to distribute cocaine base, two counts of distribution of cocaine base, and possession with intent to distribute cocaine base. Finding no reversible error, we affirm.

Ricks contends that the evidence was insufficient to support his convictions. A reviewing court must uphold a jury's verdict if the evidence, when viewed in the light most favorable to the government, is sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). We have reviewed the record and are satisfied that substantial evidence supports each of Ricks' convictions.

Ricks also claims that the district court abused its discretion in admitting telephone records into evidence that documented calls made from Ricks to his co-defendant, Ronald McCombs. Specifically, Ricks contends that including a complete list of his telephone calls was unduly prejudicial and likely led the jury to believe that Ricks engaged in drug dealing based on the high volume of calls made. The evidence, however, was relevant to establishing Ricks' partnership with McCombs. *See United States v. Baker*, 985 F.2d 1248, 1255 (4th Cir. 1993). Moreover, Ricks was not unfairly prejudiced by the admission of this evidence given the substantial evidence against him. *See* Fed. R. Evid. 403; *Garraghty v. Jordan*, 830 F.2d 1295, 1298 (4th Cir. 1987) (finding that this court "defer[s] to a trial court's Rule 403 balancing unless it is an arbitrary or irrational exercise of discretion."). We therefore find that the district court did not abuse its discretion in admitting the records into evidence.

Accordingly, we affirm Ricks' convictions and sentence.* We dis-

---

*We have considered the effect of *Apprendi v. New Jersey*, 530 U.S. ___, 120 S. Ct. 2348 (2000), and find that, because Ricks' sentence of imprisonment and term of supervised release did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), his sentence is permissible under *Apprendi*. *See United States v. Angle*, Nos. 96-4662/4672, 99-4187, 2000 WL 1515159, *10 (4th Cir. Oct. 12, 2000).

pense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*